UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNION MUTUAL FIRE INSURANCE COMPANY,

                Plaintiff,

- against -

JOEL WERTZBERGER, 1022 EAST 226TH
JOYLAND LLC and JOYLAND MANAGEMENT LLC.

                Defendants,
------------------------------------------------------------------------X

**COMPLAINT**

Case No.: 23-cv-7792

      Plaintiff, UNION MUTUAL FIRE INSURANCE COMPANY ("Union Mutual"), by and through its attorneys, Molod Spitz & DeSantis, P.C., as and for its Complaint against the defendants alleges the following upon information and belief.

1. Union Mutual is an insurance company with a principal place of business located in Montpelier, Vermont.

2. Union Mutual is licensed to issue insurance policies under the laws of the State of New York, including the commercial insurance policy alleged herein.

3. At all times hereinafter mentioned, Defendant JOEL WERTZBERGER was and still is an individual residing at in the State of New York, County of Kings.

4. At all times hereinafter mentioned, Defendant 1022 EAST 226TH JOYLAND LLC was and still is a limited liability company duly existing and operating under the laws of the State of New York, and maintains a principal place of business located at 11 Ocean Parkway, Brooklyn, NY 11218.

5. At all times hereinafter mentioned, Defendant JOYLAND MANAGEMENT LLC was and still is a limited liability company duly existing and operating under the laws of the State of New York, and maintains a principal place of business located at 4403 15th Avenue, Suite 530, Brooklyn, NY 11219.

6. Upon information and belief, Defendant JOEL WERTZBERGER and Judy Minster, also a resident of the State of New York, are the two members of 1022 EAST 226TH JOYLAND LLC.

7. Upon information and belief, Judy Minster is the sole member of JOYLAND MANAGEMENT LLC.

8. Union Mutual brings this declaratory judgment action seeking an Order determining insurance coverage issues raised by a third-party bodily injury claim and action.

## JURISDICTION

9. Union Mutual brings this declaratory judgment action pursuant to 28 U.S.C. §2201 seeking an Order determining insurance coverage issues raised by two separate third-party bodily injury claims and actions.

10. This dispute is between citizens of different states and the amount in controversy in this action, measured by the value of the object of the litigation and the pecuniary effect an adverse declaration will have on the parties to this action, exceeds $75,000.00.

## THE UNION MUTUAL APPLICATION FOR INSURANCE & POLICY

11. Union Mutual issued the following commercial general liability and property package insurance policies to Defendants for the premises located at 1022 East 226th Street, Bronx, NY 10466 ("the Premises"):

- Policy No. 314PK-69792-01, for the period January 24, 2021 to January 24, 2022 (the "01 Policy");

- Policy No. 314PK-69792-02, for the period January 24, 2022 to January 24, 2023 (the "02 Policy")

12. The 01 Policy and 02 Policy (hereinafter referred to as the "Policies of Insurance") have express terms, provisions, exclusions, conditions and limitations that are identical.

13. Defendant(s) completed an Application for Commercial Insurance with Union Mutual for each of the 01 and 02 Policies of Insurance (the "Applications for Insurance").

1

14. As part of each Application for Insurance, Defendant(s) was asked, with respect to the Premises to be insured: "Are any of the habitational units rented to anyone other than individuals on a long term lease for their exclusive use and that of their immediate families?" and Defendant(s) falsely responded "No."

15. Defendant(s) certified that the information in each of his Applications for Insurance was true and that they had read and understood the provisions in the Applications for Insurance.

16. Defendant(s) further certified that the statements in the Applications for Insurance formed the basis upon which the Policies of Insurance was to be issued in the name of Union Mutual.

17. Based upon the information provided and the representations made in the Applications for Insurance, Union Mutual issued the Policies of Insurance to Defendant(s).

18. The sole named insured listed on the 01 Policy is Defendant 1022 EAST 226TH JOYLAND LLC.

19. Effective January 31, 2022, by General Change Endorsement, Defendant JOYLAND MANAGEMENT LLC, was included as an Additional Insured under the 02 Policy.

20. The insured premises is the sole designated risk location covered under the Policy.

21. The Policy's **NEW YORK CHANGES -- COMMERCIAL GENERAL LIABILITY COVERAGE FORM** (CG 01 63 09 99) endorsement, which provides in pertinent part:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **A.** Paragraph **1. Insuring Agreement** of **Section 1 – Coverage A. Bodily Injury And Property Damage Liability** is replaced by the following:
>
> **1. Insuring Agreement**
>
>     **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or property damage" to which this insurance applies. We will

have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

22. The Policy's main **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** (CG 00 01 12 04) further provides, in pertinent part:

### SECTION II – WHO IS AN INSURED

**1.** If you are designated in the Declarations as:

**c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

23. The Policy's main **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** (CG 00 01 12 04) also provides, in pertinent part:

### SECTION V - DEFINITIONS

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

      **18**. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.

24. The Policy also contains duties and conditions to coverage, including the following relevant conditions:

      **6.    Representations**

      By accepting this policy, you agree:

      a.   The statements in the Declarations are accurate and complete;

      b.   Those statements are based upon representations you made to us; and

      c.   We have issued this policy in reliance upon your representations.

25. The Commercial Property Coverage Part Declarations Page of the Policy identifies the "Occupancy" of the Premises as "Residential," which classification was material to Union Mutual's decision to issue the Policies of Insurance.

26. The Commercial General Liability Coverage Part Declarations of the Policy identifies the Premises "Classification" as "Dwelling Containing 3 Habitational apartment units with no more than 1 kitchen per unit and no more than 4 bedrooms per unit. No commercial activity or rentals, other than renting the apartments listed above," which classification was material to Union Mutual's decision to issue the Policies of Insurance.

27. Union Mutual would not have issued the Policies of Insurance had it known that the Premises was not being rented to anyone other than individuals on a long term lease for their exclusive use and that of their immediate families.

**THE UNDERLYING BODILY INJURY CLAIM AND SUIT OF HECTOR MELENDEZ**

28. On or about September 1, 2022, Hector Melendez ("Melendez ") was allegedly injured in a at the Premises. (the "Melendez Claim")

29. On December 22, 2022, Melendez commenced an action entitled *Hector Melendez v. Joel*

4

*Wertzberger* in the New York Supreme Court, County of Bronx, Index No. 819158/2022E. (the "Melendez Action")

30. The alleged Melendez Claim occurred during the 02 Policy period.

### THE UNDERLYING BODILY INJURY CLAIM AND SUIT OF ELEAZAR RIVERA

31. On or about September 24, 2022, Eleazar Rivera ("Rivera ") was allegedly injured in a at the Premises. (the " Rivera Claim")

32. On July 25, 2023, Rivera commenced an action entitled *Eleazar Rivera v. Joyland Management LLC and 1022 East 226TH Joyland LLC* in the New York Supreme Court, County of Bronx, Index No. 811279/2022E. (the "Rivera Action")

33. The alleged Rivera Claim occurred during the 02 Policy period.

### UNION MUTUAL'S INVESTIGATION OF THE UNDERLYING CLAIMS AND ACTIONS

34. Upon receiving notice of the Melendez & Rivera Claims and Actions, Union Mutual undertook an investigation.

35. During its investigation, Union Mutual learned that Defendant(s)'s representation on each of their Applications for Insurance for the Policies of Insurance were false and that the Premises was/is not being rented to individuals on a long-term lease for their exclusive use and that of their immediate families.

36. As part of its investigation, Union Mutual conducted an Examination Under Oath of Judy Minster during which it was learned that the Institute for Community Living ("ICL") has been the tenant of the 2nd floor of the Premises since 2019, and that a psych was renting the 3rd floor.

37. As part of its investigation, Union Mutual also obtained a copy of the lease agreement with ICL reflecting its tenancy at the Premises.

38. On October 11, 2023, Union Mutual issued a Notice of Rescission and Disclaimer of Coverage to Defendant(s) for the Rivera Claim & Action based on the material misrepresentations

in their Applications for Insurance for the Policies of Insurance.

39. On October 11, 2023, Union Mutual issued a Notice of Rescission and Disclaimer of Coverage to Defendant(s) for the Melendez Claim & Action based on the material misrepresentations in their Applications for Insurance for the Policies of Insurance.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

40. Union Mutual repeats and realleges each and every allegation contained in paragraphs 1 through 39, as if fully set forth herein.

41. There is a bona fide justiciable and substantial controversy between the parties with respect to coverage for the Rivera and Melendez Claims and Actions.

42. Defendant(s)'s false statements in their Applications for Insurance constitutes a material misrepresentation under New York Insurance Law §3105.

43. Union Mutual is entitled to rescind the Policies of Insurance *ab initio* based on Defendant(s)'s material misrepresentations and is entitled to a declaration that Union Mutual has no obligation to defend or indemnify them in connection with the Rivera and Melendez Claims and Actions, or any other occurrence, claim or suit under the Policies of Insurance.

44. As a result of Defendant(s) conduct, Union Mutual has suffered damages and said damages are continuing.

45. Union Mutual has no adequate remedy at law.

46. As a consequence of Defendant(s)'s material misrepresentations in their Applications for insurance, Union Mutual now seeks of this Court a declaratory judgment that Union Mutual has no obligation to defend or indemnify them for the Rivera and Melendez Claims and Actions, or any other occurrence, claim or suit under the Policies of Insurance.

47. As a consequence of Defendant(s)'s conduct, Union Mutual now seeks of this Court a declaratory judgment that the Policies of Insurance are void *ab initio* based upon Defendant(s)'s

material misrepresentations in the Applications for Insurance under New York Insurance Law §3105.

## AS AND FOR A SECOND CAUSE OF ACTION
**(Declaratory Judgment)**

48. Union Mutual repeats and realleges each and every allegation contained in paragraphs 1 through 47 as if fully set forth herein.

49. Defendant(s) breached the duties and conditions to coverage contained in the "Commercial General Liability Coverage Form" (CG 00 01 12 04), Section 6, Representations of the Policy in which Defendant(s) agreed that the statements in the Declarations are accurate and complete; those statements are based upon representations Defendant(s) made to Union Mutual; and that Union Mutual issued the Policies of Insurance in reliance upon Defendant(s) representations.

50. As a result of Defendant(s) conduct, Union Mutual has suffered damages and said damages are continuing.

51. Union Mutual is entitled to a declaration that Union Mutual has no obligation to defend or indemnify them in connection with the Rivera and Melendez Claims and Actions, or any other occurrence, claim or suit under the Policies of Insurance.

52. Union Mutual has no adequate remedy at law.

53. As a consequence of Defendant(s)'s material misrepresentations in their Applications for insurance, Union Mutual now seeks of this Court a declaratory judgment that Union Mutual has no obligation to defend or indemnify them for the Rivera and Melendez Claims and Actions, or any other occurrence, claim or suit under the Policies of Insurance.

**WHEREFORE**, Plaintiff UNION MUTUAL FIRE INSURANCE COMPANY respectfully requests judgment against all defendants:

(1) Declaring that Union Mutual has no obligation to defend or indemnify Defendant(s), or anyone else, in connection with the Rivera and Melendez Claims and Actions, or any other occurrence, claim, or suit under the Policies of Insurance;

(2) Declaring that the 01 and 02 Policies of Insurance are rescinded and void *ab initio* pursuant to New York Insurance Law §3105;

(3) Granting a declaratory Judgment in favor of Union Mutual against the defendants on the First Cause of Action;

(4) Granting a declaratory judgment in favor of Union Mutual against the defendant on the Second Cause of Action;

(5) Granting Union Mutual such other, further and/or different relief as may be just, equitable and proper, together with Union Mutual's costs and disbursements of this action.

Dated: New York, NY
October 18, 2023

                                       MOLOD, SPITZ & DeSANTIS, P.C
                                       Attorneys for Plaintiff

                                       By: _____
                                       JACK GLANZBERG, ESQ.
                                       1430 Broadway – 21st Floor
                                       New York, New York 10018
                                       Tel. No.: 646-627-7181
                                       Fax No.: 212-869-4242
                                       File No.: RHE-535