**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNION MUTUAL FIRE INSURANCE COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>JOEL WERTZBERGER, 1022 EAST 226th JOYLAND, LLC, and JOYLAND MANAGEMENT LLC,<br><br>*Defendants*. | Case No. 1:23-cv-07792-PK<br><br>**ANSWER AND<br>COUNTERCLAIM** |

Defendants Joel Wertzberger, 1022 East 26th Joyland, LLC, and Joyland Management, LLC (collectively "Defendants"), by and through their attorneys, Lipsius-BenHaim Law LLP, as and for their Answer to Plaintiff Union Mutual Fire insurance Company's ("Union Mutual") Complaint ("Complaint"), respond as follows:

1. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Admit the allegations in paragraph 3 of the Complaint.

4. Deny the allegations contained in paragraph 4 of the Complaint.

5. Deny the allegations contained in paragraph 5 of the Complaint.

6. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint sets forth the nature of the Complaint and a prayer for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint consists of legal arguments and conclusions of law, to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint consists of legal arguments and conclusions of law, to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Admit that Union Mutual issued policies of insurance to Defendants; and refer the Court to the referenced insurance agreements which speak for themselves.

12. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint; and refer the Court to the referenced insurance agreements which speak for themselves.

13. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint; and refer the Court to the referenced applications which speak for themselves.

14. Defendants deny having knowledge or information sufficient to form a belief as to the questions on the referenced applications; and refer the Court to the referenced applications which speak for themselves. Deny that Defendants falsely responded to any questions on the referenced applications.

15. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint; and refer the Court to the referenced applications which speak for themselves.

16. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint; and refer the Court to the referenced applications which speak for themselves.

17. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint; and refer the Court to the referenced insurance agreements which speak for themselves.

19. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint; and refer the Court to the referenced insurance agreements which speak for themselves.

20. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint; and refer the Court to the referenced insurance agreements which speak for themselves.

21. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint; and refer the Court to the referenced insurance agreements which speak for themselves.

22. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint; and refer the Court to the referenced insurance agreements which speak for themselves.

23. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint; and refer the Court to the referenced insurance agreements which speak for themselves.

24. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint; and refer the Court to the referenced insurance agreements which speak for themselves.

25. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint; and refer the Court to the referenced insurance agreements which speak for themselves.

26. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint; and refer the Court to the referenced insurance agreements which speak for themselves.

27. Defendants deny each and every allegation contained in paragraph 27 of the Complaint.

28. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint; and refer the Court to the referenced action which speaks for itself.

30. Admit the allegations in paragraph 30 of the Complaint.

31. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint; and refer the Court to the referenced action which speaks for itself.

33. Admit the allegations in paragraph 33 of the Complaint.

34. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Deny each and every allegation contained in paragraph 35 of the Complaint.

36. Defendants deny each and every allegation contained in paragraph 36 of the Complaint.

37. Defendants deny each and every allegation contained in paragraph 37 of the Complaint.

38. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint; and refer the Court to the referenced Notice of Recission which speaks for itself. Deny that Defendants made any material misrepresentations in their referenced applications.

39. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint; and refer the Court to the referenced Notice of Recission which speaks for itself. Deny that Defendants made any material misrepresentations in their referenced applications.

40. Defendants restate and incorporate by reference their answers to paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. Paragraph 41 of the Complaint consists of legal arguments and conclusions of law, to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Deny each and every allegation contained in paragraph 42 of the Complaint.

43. Deny each and every allegation contained in paragraph 43 of the Complaint.

44. Deny each and every allegation contained in paragraph 44 of the Complaint.

45. Deny each and every allegation contained in paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint sets forth a prayer for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint sets forth a prayer for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants restate and incorporate by reference their answers to paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. Deny each and every allegation contained in paragraph 49 of the Complaint.

50. Deny each and every allegation contained in paragraph 50 of the Complaint.

51. Deny each and every allegation contained in paragraph 51 of the Complaint.

52. Deny each and every allegation contained in paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint sets forth a prayer for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 53 of the Complaint.

## **AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

54. The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

55. Plaintiff's claims are barred by the doctrines of waiver, laches, and estoppel.

**THIRD AFFIRMATIVE DEFENSE**

56. Plaintiff's claims are barred by the specific terms of the insurance policies and agreements between Plaintiff and Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

57. Plaintiff's claims are barred, in whole or in part, by Plaintiff's breaches of the covenant of good faith and fair dealing.

**FIFTH AFFIRMATIVE DEFENSE**

58. This action is barred by the provisions of New York Insurance Law § 3420(d) and any other applicable statutes and regulations.

**SIXTH AFFIRMATIVE DEFENSE**

59. Each purported cause of action alleged in the Complaint is barred by the conduct, actions, and inactions of Plaintiff under the doctrine of ratification.

**SEVENTH AFFIRMATIVE DEFENSE**

60. Plaintiff has already received the benefit of its bargain.

**EIGHTH AFFIRMATIVE DEFENSE**

61. Defendants did not make any misrepresentations on the Applications for Insurance.

**NINTH AFFIRMATIVE DEFENSE**

62. Any purported misrepresentations were immaterial.

**TENTH AFFIRMATIVE DEFENSE**

63. Plaintiff failed to attach the applications to the policies when issuing the policies.

## ELEVENTH AFFIRMATIVE DEFENSE

64. Plaintiff's sought recission is against public policy.

## TWELFTH AFFIRMATIVE DEFENSE

65. Plaintiff's sought recission is discriminatory.

66. Defendants expressly reserve the right to amend and/or supplement its Answer, Affirmative Defenses, and all other pleadings as may appear and prove applicable during the course of this proceeding.

## COUNTERCLAIM

1. Defendants and Counterclaim Plaintiffs Joel Wertzberger, 1022 East 26th Joyland, LLC, and Joyland Management, LLC (collectively, the "Insureds"), by and through their attorneys, Lipsius-BenHaim Law LLP, as and for their Counterclaim against Counterclaim Defendant Union Mutual Fire Insurance Company ("Union Mutual"), allege as follows:

## PARTIES

2. Joel Wertzberger is an individual residing in the State of New York, County of Kings.

3. 1022 East 26th Joyland, LLC is a limited liability company organized under the laws of the State of New York.

4. Joyland Management, LLC is a limited liability company organized under the laws of the State of New York.

5. Upon information and belief, Union Mutual is a corporation organized under the laws of the State of Vermont.

## JURISDICTION

6. The Insureds bring this declaratory judgment counterclaim pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. Pro. 57 seeking an Order that Union Mutual is required to defend and indemnify the Insureds as per the policies of insurance issued by Union Mutual.

7. This Court has subject matter jurisdiction over this counterclaim, pursuant to 28 U.S.C. § 1332.

8. The counterclaim arises out of the same matters and transactions described in the Complaint, and this Court has jurisdiction over the matters that are the subject of this counterclaim pursuant to Fed. R. Civ. Pro. 13.

**FACTUAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION**

9. Union Mutual issued a policy of insurance to the Insureds, with effective dates from January 24, 2021, until January 24, 2022 (the "2021 Policy").

10. Union Mutual subsequently reissued the same policy of insurance to the Insureds, with effective dates from January 24, 2022, until January 24, 2023 (the "2022 Policy"; together with the 2021 Policy, the "Policies").

11. The Policies provide that Union Mutual is required to

> pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages . . .

12. In 2022, while the 2022 Policy was in effect, Hector Melendez initiated an action, asserting causes of action against Joel Wertzberger (the "Melendez Underlying Action").

13. In 2022, while the 2022 Policy was in effect, Eleazar Rivera initiated an action, asserting causes of action against Joyland Management LLC and 1022 East 26th Joyland LLC (the "Rivera Underlying Action").

14. The Policies require Union Mutual to defend the Insureds and to provide coverage if the Plaintiff in the Melendez Underlying Action can ultimately obtain a judgment against the Insureds.

15. The Policies require Union Mutual to defend the Insureds and to provide coverage if the Plaintiff in the Rivera Underlying Action can ultimately obtain a judgment against the Insureds.

16. Union Mutual has commenced the instant action seeking to absolve itself from its contractually required responsibilities to provide defense and coverage.

17. On the application for the Policies, the Insureds accurately and truthfully answered all the questions on the applications.

18. None of the tenants were commercial tenants.

19. All of the tenants were residential/individual/family tenants, although some may have had a sponsor helping with the rent.

### **FIRST CAUSE OF ACTION**

20. The Insureds repeat, reallege, and incorporate each and every allegation contained in paragraphs 1 through 19 as if fully set forth herein.

21. Union Mutual is required to provide the Insureds with defense and coverage in the Melendez Underlying Action.

22. Union Mutual is required to provide the Insureds with defense and coverage in the Rivera Underlying Action.

23. Declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations of the parties under the Policies may be determined.

24. Accordingly, the Insureds are entitled to a declaration that Union Mutual has a duty to defend and indemnify the Insureds in the Melendez Underlying Action.

25. Accordingly, the Insureds are entitled to a declaration that Union Mutual has a duty to defend and indemnify the Insureds in the Rivera Underlying Action.

## **SECOND CAUSE OF ACTION**

26. The Insureds repeat, reallege, and incorporate each and every allegation contained in paragraphs 1 through 25 as if fully set forth herein.

27. Union Mutual commenced this action against the Insureds.

28. Union Mutual has put the Insureds in a defensive posture regarding coverage.

29. Pursuant to *Mighty Midgets, Inc. v. Centennial Insurance Co.*, 47 N.Y.2d 12, 389 N.E.2d 1080, 416 N.Y.S.2d 559 (1979) and *U.S. Underwriters Insurance Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592, 822 N.E.2d 777, 789 N.Y.S.2d 470 (2004), Union Mutual must pay the Insured's legal fees incurred in this action.

**WHEREFORE** The Insureds seek relief as set forth below:

1. Judgment that Union Mutual is required to defend and indemnify in the Melendez Underlying Action;

2. Judgment that Union Mutual is required to defend and indemnify in the Rivera Underlying Action;

3. Judgment that Union Mutual is required to defend and indemnify in any additional future suits that may arise during the effective dates of the Policies;

4. Interest;

5. Costs;

6. Attorneys' fees; and

7. Such other and further relief as this Court deems proper.

Dated: Kew Gardens, NY
      December 15, 2023

**LIPSIUS-BENHAIM LAW, LLP**

By: _____
David BenHaim, Esq.
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, NY 11415
(212) 981-8440
dbenhaim@lipsiuslaw.com
*Attorney for Defendants/Counterclaim Plaintiffs*