UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X    Docket No.: 23-cv-07792

UNION MUTUAL FIRE INSURANCE COMPANY,

                    Plaintiff,    **REPLY TO COUNTERCLAIMS**

    - against -

JOEL WERTZBERGER, 1022 EAST 226TH JOYLAND,
LLC, and JOYLAND MANAGEMENT LLC.

                    Defendants,

------------------------------------------------------------------X

Plaintiff, UNION MUTUAL FIRE INSURANCE COMPANY ("Union Mutual"), by and through its attorneys, Molod Spitz & DeSantis, P.C., as and for its Reply to the Counterclaims set forth in the Answer of Defendants JOEL WERTZBERGER, 1022 EAST 226TH JOYLAND, LLC, and JOYLAND MANAGEMENT LLC (collectively "Joyland") alleges the following upon information and belief:

**RESPONDING TO THE ALLEGATIONS OF DEFENDANTS' COUNTERCLAIM**

1. Paragraph "1" of the Counterclaim sets forth the nature of the Counterclaim to which no responsive pleading is required. To the extent a response is required, Plaintiff denies the allegations contained in paragraph "1" of Defendants' Counterclaim.

**PARTIES**

2. In response to the allegations set forth in paragraph "2" of Defendant's Counterclaim, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

3. In response to the allegations set forth in paragraph "3" of Defendant's Counterclaim, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

4. In response to the allegations set forth in paragraph "4" of Defendant's Counterclaim, Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## JURISDICTION

5. Plaintiff admits the allegations of paragraph "5" of Defendant's Counterclaim to the extent that it is a Vermont corporation with its principal place of business at 139 State Street, Montpelier, Vermont, that it is authorized to sell insurance in the State of New York, and denies any remaining allegations contained therein.

6. Paragraph "6" of the Counterclaim sets forth the nature of the Counterclaim to which no responsive pleading is required. To the extent a response is required, Plaintiff denies the allegations contained in paragraph "6" of Defendants' Counterclaim.

7. Plaintiff admits the allegations contained in paragraph "7" of Defendants' Counterclaim.

8. Plaintiff neither admits or denies the allegations contained in paragraph "8" of Defendants' Counterclaim and reserves all questions of law to this Court.

## RESPONDING TO THE FACTUAL ALLEGATIONS TO ALL CAUSES OF ACTION

9. Plaintiff admits the allegations of paragraph "9" of Defendant's Counterclaim to the extent that Union Mutual issued a commercial general liability and property package insurance policy to Defendants for the premises located at 1022 East 226th Street, Bronx, NY 10466 ("the Premises"), bearing Policy No. 314PK-69792-01, for the period January 24, 2021 to January 24, 2022. (the "01 Policy"), and denies any remaining allegations contained therein.

10. Plaintiff admits the allegations of paragraph "10" of Defendants' Counterclaim to the extent that Union Mutual issued a commercial general liability and property package insurance policy to Defendants for the Premises, bearing Policy No. 314PK-69792-02, for the period January 24, 2022 to

January 24, 2023. (the "02 Policy"), and denies any remaining allegations contained therein.

11. Plaintiff admits the allegations of paragraph "11" to the extent that the 01 Policy & 02 Policy includes the excerpt that is quoted by Defendants' and clarifies further that any coverage afforded under the Policies is subject to all the terms, conditions, exclusions and limitations stated therein, and denies any remaining allegations contained therein.

12. Plaintiff admits the allegations of paragraph "12" to the extent that Union Mutual was notified of a lawsuit commenced by Hector Melendez against Joel Wertzberger during the 02 Policy period, and denies any remaining allegations contained therein.

13. Plaintiff admits the allegations of paragraph "13" to the extent that Union Mutual was notified of a lawsuit commenced by Eleazar Rivera against Joyland Management LLC and 1022 East 1022 East 226th Joyland LLC during the 02 Policy period, and denies any remaining allegations contained therein.

14. Plaintiff denies each and every allegation contained in paragraph "14" of Defendants' Counterclaim.

15. Plaintiff denies each and every allegation contained in paragraph "15" of Defendants' Counterclaim.

16. Plaintiff denies each and every allegation contained in paragraph "16" of Defendants' Counterclaim.

17. Plaintiff denies each and every allegation contained in paragraph "17" of Defendants' Counterclaim.

18. Plaintiff denies each and every allegation contained in paragraph "18" of Defendants' Counterclaim.

19. Plaintiff denies each and every allegation contained in paragraph "19" of Defendants' Counterclaim.

**RESPONDING TO THE ALLEGATIONS OF THE FIRST CAUSE OF ACTION**

20. In response to the allegations set forth in paragraph "20" of Defendants' Counterclaim, Plaintiff repeats and realleges the paragraphs set forth in its Complaint as if fully set forth herein.

21. Plaintiff denies each and every allegation contained in paragraph "21" of Defendants' Counterclaim.

22. Plaintiff denies each and every allegation contained in paragraph "22" of Defendants' Counterclaim.

23. Plaintiff neither admits or denies the allegations contained in paragraph "23" of Defendants' Counterclaim and reserves all questions of law to this Court.

24. Plaintiff denies each and every allegation contained in paragraph "24" of Defendants' Counterclaim.

25. Plaintiff denies each and every allegation contained in paragraph "25" of Defendants' Counterclaim.

**RESPONDING TO THE ALLEGATIONS OF THE FIRST CAUSE OF ACTION**

26. In response to the allegations set forth in paragraph "26" of Defendants' Counterclaim, Plaintiff repeats and realleges the paragraphs set forth in its Complaint as if fully set forth herein

27. Plaintiff admits the allegations set forth in paragraph "27" of Defendants' Counterclaim.

28. Plaintiff neither admits or denies the allegations contained in paragraph "28" of Defendants' Counterclaim and reserves all questions of law to this Court.

29. Plaintiff denies each and every allegation contained in paragraph "29" of Defendants' Counterclaim.

## FIRST AFFIRMATIVE DEFENSE

1. Defendants failed to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE

2. The Counterclaims of Defendants are barred under the facts alleged and for the reasons set forth in Plaintiff's Complaint in this Action, which is incorporated herein by reference as if fully set forth herein.

**WHEREFORE**, Plaintiff UNION MUTUAL FIRE INSURANCE COMPANY respectfully requests judgment against all defendants:

(1) Dismissing the Counterclaims of Defendants in their entirety;

(2) Declaring that Plaintiff has no obligation to defend or indemnify Defendants, or anyone else, in connection with the Underlying Claims, the Underlying Actions, or any other occurrence, claim, or suit under the Policies;

(3) Declaring that the subject policies are rescinded and rendered void *ab initio*;

(4) Declaring that Plaintiff has no obligation to reimburse Defendants attorneys' fees, costs or expenses; and

(5) Granting Plaintiff such other, further and/or different relief as may be just, equitable and proper, together with Plaintiff's costs and disbursements of this action.

Dated: New York, NY
December 19, 2023

MOLOD, SPITZ & DeSANTIS, P.C
Attorneys for Plaintiff

By: */s/ Jack Glanzberg*
JACK GLANZBERG, ESQ.
1430 Broadway – 21st Floor
New York, New York 10018
Tel. No.: 212-869-3200
Fax No.: 212-869-4242
File No.: RHE-535
jglanzberg@molodspitz.com