UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNION MUTUAL FIRE INSURANCE COMPANY,

        Plaintiff and Counter-Defendant,

        -against-

JOEL WERTZBERGER, 1022 EAST 226TH JOYLAND,
LLC, and JOYLAND MANAGEMENT LLC,

        Defendants and Counter-Plaintiffs.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CV-07792 (OEM) (PK)

ORELIA E. MERCHANT, United States District Judge:

Before the Court in this declaratory judgment action is Defendants and counter-claim plaintiffs Joel Wertzberger's, 1022 East 226th Joyland, LLC's, and Joyland Management LLC's (collectively, "Defendants") motion for approval of attorneys' fees.[1]

On October 18, 2023, Plaintiff and counterclaim-defendant Union Mutual Fire Insurance Company ("Plaintiff") brought this action against Defendants seeking a declaratory judgment that Defendants' insurance policies with Plaintiff were void *ab initio* and that Plaintiff did not owe Defendants a duty to defend or indemnify for the underlying state-court litigation based on Defendants' alleged material misrepresentations in their insurance policy applications. *See generally* Complaint, Dkt. 1 ("Complaint" or "Compl."). Defendants asserted twelve affirmative defenses and two counterclaims seeking declaratory judgment that Plaintiff owed Defendants a duty to defend and indemnify for the state-court litigation and requesting that Plaintiff pay Defendants' legal fees incurred in the instant litigation. *See generally* Answer and Counterclaim,

---

[1] Notice of Motion for Approval of Attorneys' Fees, Dkt. 47 ("Motion" or "Mot"); Memorandum of Law in Support of Joel Wertzberger, 1022 East 226th Joyland, LLC and Joyland Management, LLC's Motion for Approval of Attorneys' Fees, Dkt. 47-1 ("Memorandum" or "Mem."); Memorandum of Law In Opposit[o]in to Defendants['] Motion For Approval of Attorneys' Fees, Dkt. 49 ("Opposition" or "Opp'n"); Reply Memorandum of Law in Further Support of Joel Wertzberger, 1022 East 226th Joyland, LLC and Joyland Management, LLC's Motion for Approval of Attorneys' Fees, Dkt. 50 ("Reply").

Dkt. 11.  The parties engaged in discovery, including third-party discovery, through September 2024.  *See* Letter from Plaintiff to the Court (Sep. 10, 2024), Dkt. 24.  On March 7, 2025, the parties filed cross-motions for summary judgment.  *See* Notice of Motion for Summary Judgment, Dkt. 36; Notice of Motion, Dkt. 40.

On January 5, 2026, the Court granted Defendants' motion for summary judgment seeking dismissal of Plaintiff's recission claims on the basis of misrepresentation, denied the parties' claims seeking indemnification without prejudice, and granted Defendants' motion for attorney's fees expended in the defense of the present litigation.  *See* Memorandum and Order at 26, Dkt. 45 ("Order").  On January 8, 2026, the Court entered judgment consistent with the Court's Order, Judgment, Dkt. 46, and that same day, Defendants filed their motion for attorney's fees, *see* Mot. On January 30, 2026, Plaintiff filed its opposition to Defendants' motion for attorney's fees, *see* Opp'n, and on February 5, 2026, Defendants filed their reply in support of their motion for attorney's fees, *see* Reply.  The Court otherwise assumes the parties' familiarity with the facts of this case.

For the following reasons Defendants' motion for attorneys' fees is granted in part.

## DISCUSSION

Defendants seek $139,047.42 in attorneys' fees for work performed by attorneys David BenHaim ("BenHaim") and Yisroel Steinberg ("Steinberg") and legal professional Beti Cohen ("Cohen"), arguing that the hours expended and rates charged were reasonable.  Mem. at 1. Plaintiff opposes the motion, arguing that both the hours expended and rates charged were unreasonable.  *See* Opp'n at 1.

"The burden is on the party moving for attorney's fees to justify the hourly rate sought." *Ehrlich v. Royal Oak Fin. Servs., Inc.*, CV-12-3551 (BMC), 2012 WL 5438942, at *3 (E.D.N.Y.

Nov. 7, 2012); *see also Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 94 (E.D.N.Y. 2012)

("District courts have broad discretion, using 'their experience with the case, as well as their

experience with the practice of law, to assess the reasonableness' of each component of a fee

award." (quoting *Fox Indus., Inc. v. Gurovich*, CV 03-5166 TCP WDW, 2005 WL 2305002, at \*2

(E.D.N.Y. Sep. 21, 2005))).  The Second Circuit has instructed district courts considering awards

of attorneys' fees that:

> [T]he better course—and the one most consistent with attorney's fees jurisprudence—is for the district court, in exercising its considerable discretion, to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate.  The reasonable hourly rate is the rate a paying client would be willing to pay.  In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively.  The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case.  The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d

Cir. 2008) (internal citations and emphasis omitted).[2]  "The product of a reasonable hourly rate

and the reasonable number of hours" is the "lodestar" figure which "creates a 'presumptively

reasonable fee.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor

Hill*, 522 F.3d at 183).

---

[2] The *Johnson* factors include "(1) [t]he time and labor required"; "(2) [t]he novelty and difficulty of the questions"; "(3) the level of skill required to perform the legal service properly"; "(4) [t]he preclusion of employment by the attorney due to acceptance of the case"; "(5) [t]he attorney's customary hourly rate"; "(6) [w]hether the fee is fixed or contingent"; "(7) [t]he time limitations imposed by the client or the circumstances"; "(8) [t]he amount involved in the case and the results obtained"; "(9) [t]he experience, reputation, and ability of the attorneys"; "(10) [t]he 'undesirability' of the case"; "(11) [t]he nature and length of the professional relationship with the client"; and "(12) [a]wards in similar cases." *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

### A. Reasonable Number of Hours

Defendants seek reimbursement for 313 hours of work. *See* Declaration of David BenHaim in Support of Defendants' Motion for Approval of Attorneys' Fees ("BenHaim Decl."), Exhibit A at 11, Dkt. 47-3 ("Billing Records")[3]; Reply at 8. Defendants assert that the hours of legal services that they expended in connection with defending themselves in the instant action are reasonable. Mem. at 2-3. Plaintiff argues that defense counsel's hours are excessive, block-billed, vague, and redundant, and thereby contends that the Court should reduce the hours by 48% because Plaintiff's counsel only spent 161.1 hours on the prosecution of this action. Opp'n at 4-8.

To determine the reasonableness of the number of hours billed by Defendants' counsel, the Court must "'examine[] the particular hours expended . . . with a view to the value of the work product and the specific expenditures of the client's case[,] and if it 'concludes that any expenditure of time was unreasonable, it should exclude these hours' from the fee calculation." *Hines v. City of Albany*, 613 F. App'x 52, 54 (2d Cir. 2015) (quoting *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997)). In determining the reasonable number of hours of work for a fee award, "courts are . . . expected to take into account their own familiarity and experience both 'generally' and with the particular case at hand . . . ." *Melo v. Milagro Grocery Corp.*, 750 F. Supp. 3d 38, 62 (E.D.N.Y. 2024) (quoting *Concrete Flotation Sys., Inc. v. Tadco Constr. Corp.*, 07-CV-319 (ARR) (VVP), 2010 WL 2539771, at *7 (E.D.N.Y. Mar. 15, 2010)). "[T]he district court should exclude excessive, redundant or otherwise unnecessary hours." *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "[D]istrict courts have the legal authority and discretion to . . . apply an across-the-board reduction to the hours billed or total fee award to account for time spent on clerical tasks (or block-billed time entries reflecting a

---

[3] When referencing the Billing Records, the Court refers to the page numbers contained in the automatically generated ECF headers.

mix of clerical and legal work).” *Lilly v. City of New York*, 934 F.3d 222, 234 (2d Cir. 2019); *Marion S. Mishkin L. Off. v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014) (explaining “the district court is not obligated to undertake a line-by-line review” of a fee application and “may, instead, ‘exercise its discretion and use a percentage deduction as a practical means of trimming fat.’” (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006))).

### 1.  Vague Entries

“Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done.” *Dotson v. City of Syracuse*, 5:04–CV–1388 (NAM/ATB), 2012 WL 4491095, at *6 (N.D.N.Y. Sep. 28, 2012) (quoting *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)).  “Where descriptions of work done are vague and ambiguous, the Court cannot assess the reasonableness of the entries.” *Id.* (quoting *Baim v. Notto*, 316 F. Supp. 2d 113, 122 (N.D.N.Y. 2003)); *accord F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1265 (2d Cir. 1987); *Hensley*, 461 U.S. at 437 n.12 (“[C]ounsel, of course, is not required to record in great detail how each minute of his time was expended.  But at least counsel should identify the general subject matter of his time expenditures.”).

Here, most of the Billing Records entries adequately detail the tasks performed and the time spent on each task.  However, some of the entries lack specificity and detail and cannot be clarified by the context of other entries.  Such entries include: “work on file,” “legal research,” and “new federal case.”  Billing Records at 1-3, 8.  Several other entries state, “confer with DBH,” “confer with YS,” “call with J Minster,” and “[w]ork with BC” without any description of the nature of the call, conference, or meeting.  *Id.* at 2-9.  These entries do not permit the Court to

determine what "the attorneys were researching, much less whether the expended time was reasonable for the work performed." *Mawere v. Citco Fund Servs, (USA) Inc.*, 09 Civ. 1342(BSJ)(DF), 2011 WL 6779319, at *8 (S.D.N.Y. Sep. 16, 2011) (collecting cases), *report and recommendation adopted*, 09 Civ. 1342 BSJ DF, 2011 WL 6780909 (S.D.N.Y. Dec. 27, 2011); *see also LV v. N.Y.C. Dep't of Educ.*, 700 F. Supp. 2d 510, 526 (S.D.N.Y. 2010) (collecting cases and finding that entries "'meeting w/co-counsel,' 'conference w/ c-counsel,'" were unreasonably vague). Accordingly, the Court concludes that a reduction in hours for vagueness is warranted.

### 2. Excessive and Redundant Entries

An applicant "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *accord Seitzman v. Sun Life Assur. of Canada, Inc.*, 311 F.3d 477, 487 (2d Cir. 2002).

Several of defense counsel's Billing Record entries are redundant. For instance, BenHaim and Steinberg both billed for the deposition of Jim Lambert, and A. Portnoy, and BenHaim billed to "prepare and take" the deposition and Steinberg billed to "join" him. *See* Billing Records at 5-6. Similarly, both Steinberg and BenHaim billed to prepare for and appear for a court appearance, which Steinberg notes that he "joined" BenHaim for. *See id.* at 3. Given that Steinberg only joined BenHaim for the depositions and the proceeding, such matters are duplicative and unnecessary. *See Chabad Lubavitch of Litchfield Cnty., Inc. v. Borough of Litchfield, Conn.*, 3:09-CV-1419 (JCH), 2018 WL 2332075, at *10 (D. Conn. May 23, 2018) (reducing hours by 10% for duplicative work by two partners who both billed for significant time preparing for and attending the same depositions); *LV*, 700 F. Supp. 2d at 525 (reducing hours across the board by 5% for overstaffing and duplicative work where three or more attorneys often attended depositions, team meetings, and conferences).

6

In addition to redundant billing, Plaintiff argues that defense counsel engaged in excessive billing based on the fact that Plaintiff's counsel billed less time for the same task.  First, Plaintiff points to three tasks where Plaintiff's counsel billed less hours than BenHaim for the same event.

- On February 8, 2024, BenHaim billed 5.5 hours for appearing in court for the initial conference, Steinberg billed 1.6 hours, Billing Records at 3, and Plaintiff's counsel billed 2 hours for the same appearance, Attorney Declaration in Opposition to Defendants Motion for Approval of Attorneys' Fees ("Pl.'s Decl."), Exhibit 1 at 3, Dkt. 49-2.

- On June 25, 2024, BenHaim billed 3.15 hours for conducting Jim Lambert's deposition, Steinberg billed 3 hours, Billing Records at 5, and Plaintiff's counsel billed 2.4 hours for the same deposition, Pl.'s Decl., Exhibit 1 at 6, Dkt. 49-2.  The deposition transcript reflects a start time of 11:05 a.m. and an end time of 1:15 p.m.  Pl.'s Decl., Exhibit 3, Dkt. 49-4.

- On June 27, 2024, Benhaim billed 2.2 hours for conducting the deposition of Andrew Portnoy, Steinberg billed 1.5 hours, and Plaintiff's counsel billed 1.6 hours for the same deposition, Pl.'s Decl., Exhibit 1 at 7, Dkt. 49-2.  The deposition transcript reflects a start time of 11:05 a.m. and an end time of 12:40 p.m.  Pl.'s Decl., Exhibit 4, Dkt. 49-5.

The discrepancy with the contemporaneous deposition times and defense counsel's billed hours indicates the possibility that defense counsel was block-billing for activities other than participating in the deposition or initial conference, which presents a compounded problem of a failure to attribute a task to those additional hours.  Thus, from the Billing Records alone, the Court is unable to determine how much time defense counsel spent participating in the depositions and initial conference versus conducting related tasks that should have been billed separately.  *See Mawere*, 2011 WL 6779319, at *8 ("[T]he Court has reduced or even disallowed requested attorneys' fees where the supporting time records were not broken out with sufficient detail to enable it to determine the reasonableness of the time spent on particular tasks." (citing *Green v. City of New York*, 403 F. App'x 626, 630 (2d Cir. 2010))).  These entries are excessive and warrant a reduction.

Next, Plaintiff argues that two entries warrant reduction because they are unnecessarily excessive given BenHaim's experience.  *See* Opp'n at 4-5.  Specifically, Plaintiff argues that BenHaim billing 1.7 hours to draft a motion to extend the time to answer, *see* Billing Records at 2, is excessive because it is a "*pro forma*" document and Steinberg billing 0.7 hours to research whether this case can be tried by a jury, *see id.*, is excessive because it is a question that BenHaim undoubtedly knew the answer to, given his experience, Opp'n at 4-5.  Even if excessive for the individual entries, defense counsel has not made excessive entries for ostensibly *pro forma* work that are pervasive throughout the Billing Records.  Thus, these two entries do not rise to the level of unreasonableness.  *See Sanchez Juarez v. 156-40 Grill* LLC, 15-cv-5081 (CBA)(LGD), 2025 WL 3709064, at *7 (E.D.N.Y. Aug. 14, 2025) (collecting cases and reasoning that "[o]n balance, these undesirable billing slip-ups are not pervasive enough, in relation to the whole of the billing record, to warrant a blanket reduction in hours."), *report and recommendation adopted*, 2:15-cv-05081 (CBA) (LGD), 2025 WL 3707830 (E.D.N.Y. Dec. 22, 2025).  Accordingly, they do not warrant a reduction in hours.

Lastly, Plaintiff urges the Court to reduce defense counsel's hours because Plaintiff's counsel billed less hours for the same activities, thereby implying that defense counsel's hours are excessive.  *See* Opp'n at 1, 7.  Specifically, Plaintiff asserts that its counsel only billed 161.6 total hours to defense counsel's 313 total hours and, within that total, Plaintiff's counsel only billed 50 hours to brief its summary judgment motions to defense counsel's 80 hours.  *Id.*  Defendants respond that Plaintiff has had significantly more experience in similarly-postured actions and was therefore able to rely on prior work product, which resulted in less hours billed.  Reply at 2-3.  As an initial matter, in determining whether bills are excessive, they are not reasoned against opposing counsel's time spent preparing the opposing motions, rather the Court must "use its experience

with the case, as well as its experience with the practice of law." *Fox Indus., Inc. v. Gurovich*, 03-CV-5166 (TCP)(WDW), 2005 WL 2305002, at *2 (E.D.N.Y. Sep. 21, 2005).  The records reflect that defense counsel spent approximately 80 hours on briefing the motion for summary judgment. *See* Billing Records at 9-10.  The Defendants drafted approximately 60 pages in support of and opposition to the cross-motions for summary judgment.  *See* Reply at 8.  This is reasonable and not excessive given that the parties cross-moved for summary judgment and counsel had to draft a motion, opposition, and reply.  Further, there were at least 1,500 pages of discovery to incorporate.  *See id.*; *contra Fleetwood Servs, LLC v. Ram Cap. Funding, LLC*, 20-cv-5120 (LJL), 2023 WL 112429, at *9 (S.D.N.Y. Jan. 5, 2023) (concluding that 126 hours preparing the motion for summary judgment and 70 hours for the reply brief was excessive despite the complex nature of the issues).

Given the foregoing, the Court applies an across-the-board reduction of 10% in defense counsel's hours.  *See Jaramillo v. Latino Regal Corp.*, 19 CV 3104 (HG) (CLP), 2024 WL 4648135, at *23 (E.D.N.Y. Sep. 4, 2024) (collecting cases and reducing hours by 10% for duplicative, redundant, and vague billing entries).[4]

### B. Reasonable Hourly Rate

Defendants seek $600 per hour for the time of BenHaim and $350 per hour for the time of Steinberg.  Mem. at 4.  Plaintiff argues that Defendants' Motion should be denied because defense counsel seeks excessive rates and urges the Court to reduce BenHaim's rates to $450 per hour and Steinberg's rates to $150 per hour.[5]  Opp'n at 9-10.  Defendants respond that this reduction is

---

[4] The Court notes an entry on June 3, 2024, for 0.3 hours billed by Ira Lipsius without any description of the work completed.  *See* Billing Records at 5.  Given the vague nature of the bill and no information as to who Ira Lipsius is or what work was performed, the Court further reduces the hours by 0.3.

[5] Plaintiff also argues that Defendants' Motion should be denied for failure to attach the retainer agreement and proof of payment.  Opp'n at 9.  Defendants respond by attaching both a retainer agreement and proof of payment in their

unsupported by the record, defense counsel's experience, and what is reasonable in this District. Reply at 3-5.

The reasonable hourly rate should be what a reasonable, paying client would be willing to pay to litigate the case effectively. *See Arbor Hill*, 522 F.3d at 190. The Second Circuit has stated that fee awards must account for the current market rate in the district. *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232-33 (2d Cir. 2006). In determining what that figure is, the Second Circuit follows the "forum rule" to calculate a reasonable hourly fee. *See Bergerson v. N.Y. State Off. of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289-90 (2d Cir. 2011). The forum rule advises courts to "use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee." *Arbor Hill*, 522 F.3d at 192 (quoting *In re "Agent Orange" Prods. Liab. Litig.*, 818 F.2d 226, 232 (2d Cir. 1987)); *see also Bergerson*, 652 F.3d at 290. Furthermore, courts consider the factors set forth in *Johnson*. *See Arbor Hill*, 522 F.3d at 190.

Defendants' payment of the attorneys' fees supports a finding that defense counsel's rates are reasonable. The Court may consider "as 'solid evidence' of reasonableness" the fact that the client paid the rates at which the firm billed. *See Match Grp., LLC v. Beazley Underwriting Ltd.*,

---

Reply. *See* Reply at 6. To determine a reasonable fee, the Second Circuit has relied on the factors set forth by the Fifth Circuit in *Johnson*. *See Arbor Hill*, 522 F.3d at 190. In *Johnson*, the Fifth Circuit instructed that "[i]n no event . . . should the litigant be awarded a fee greater than he is contractual bound to pay, if indeed the attorneys have contracted to an amount." 488 F.2d 714, 718 (5th Cir. 1974). However, failure to attach a retainer agreement is not a basis alone to deny a motion for attorney's fees provided there is sufficient documentation to substantiate the requested attorneys' fees. *See Zhang v. Zhang*, 16 Civ. 4013 (LGS), 2021 WL 1154084, at *4 (S.D.N.Y. Mar. 26, 2021) (citing *Marion S. Mishkin*, 767 F.3d at 148) (overruling objection to report and recommendation that argued that the prevailing party failed to provide a retainer agreement).

Here, Defendants submitted contemporaneous billing records with their Motion. *See* Billing Records. In their Reply, they attached the retainer agreement between defense counsel and Wertzberger, agreeing to a fee schedule that bills, *inter alia*, partners for $600 per hour and associates for $350-475 per hour. *See* Declaration of David BenHaim in Further Support of Defendants' Motion for Approval of Attorneys' Fees ("BenHaim Decl. in Further Support"), Exhibit B at 2, Dkt. 50-3. Furthermore, Defendants attach a copy of the check received from Wertzberger and a deposit slip indicating his payment of $100,000 towards the retainer. *Id.*, Exhibit C, Dkt. 52 ("Proof of Payment"). Thus, Defendants have provided sufficient documentation to substantiate their attorneys' fees request.

22 Civ. 4629 (LGS) (SLC), 2023 WL 9603886, at *7 (S.D.N.Y. Dec. 21, 2023) (quoting *Bleecker Charles Co. v. 350 Bleecker St. Apt. Corp.*, 212 F. Supp. 2d 226, 230-31 (S.D.N.Y. 2002)), *report and recommendation adopted*, 22 Civ. 4629 (LGS), 2024 WL 863468 (S.D.N.Y. Feb. 29, 2024); *see also Kimba Indus. Inc. v. Fortegra Specialty Ins.*, 24-cv-01334 (JMW), 2026 WL 618037, at *5 (E.D.N.Y. Mar. 5, 2026).  Here, Wertzberger has paid $100,000 of the $139,047.47, *see* Declaration of David BenHaim in Further Support of Defendants' Motion for Approval of Attorneys' Fees ("BenHaim Decl. in Further Support"), Exhibit C, Dkt. 52, which favors a finding of reasonableness at the requested rates.

Defendants' degree of success also weighs in favor of granting the Motion.  "'[T]he degree of success obtained' during litigation is the 'most critical factor' in computing an appropriate lodestar award."  *Toyota Lease Trust v. Village of Freeport*, 24-488-cv, 2025 WL 1135441, at *3 (2d Cir. Apr. 17, 2025) (quoting *Hensley*, 461 U.S. at 436).  To compute the degree of success, "a court should look to 'the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve as evidenced in the complaint,' as 'key factors.'"  *Id.* (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008)).  Here, Defendants were successful in dismissing Plaintiff's claims against them, prevailed on their counterclaims, and were awarded attorney's fees.  Thus, this factor weighs in favor of granting their requested fees.

Next, the Court considers the forum rule in confirming the reasonableness of Defendants' requested fees.  In the Eastern District of New York, the forum rates "adjusted for inflation and market conditions" are, in relevant part, "$450-$650 for partners," "$150-$300 for junior associates," and "$100-$150 for paralegals."  *Rubin v. HSBC Bank USA, NA*, 763 F. Supp. 3d 233, 244 (E.D.N.Y. 2025).

With regards to the hourly rate for BenHaim, a $600 hourly rate is reasonable. BenHaim is a founding partner at the law firm of Lipsius-BenHaim Law, LLP and has approximately 25 years of experience in insurance litigation in state and federal court. *See* BenHaim Decl. ¶¶ 3-5, Dkt. 47-2. He "routinely bill[s]" his time at $600 per hour. *Id.* ¶ 8. $600 per hour is within the range of partner rates in this District. *See Rubin*, 763 F. Supp. 3d at 244. It is also lower than or the same as what other courts in this District have awarded partners for cases with similar factual and procedural backgrounds. *See Kimba Indus.*, 2026 WL 618037, at *6 (awarding partners $650 per hour based on their experience in the industry in an action where the insured sought a determination that the insurer owed it a duty to defend); *Value Wholesale Inc. v. KB Ins.*, 18-cv-5887(KAM)(SMG), 2020 WL 6393016, at *6 (E.D.N.Y. Nov. 2, 2020) (awarding partners $600 per hour based on the complexity of the dispute and length of the dispute in an action where the insured sought a determination that the insurer breached its duty to defend). BenHaim has years of experience in insurance litigation, the instant case involved three years of litigation and a motion for summary judgment, and the requested rate is within the reasonable range for partners. Accordingly, the Court fixes BenHaim's hourly rate at $600 per hour.

Regarding the hourly rate for Steinberg, a $350 hourly rate is unreasonable. Steinberg has worked at Lipsius BenHaim Law, LLP since 2022 and was admitted to practice in September 2023. BenHaim Decl. ¶ 9. He "routinely bills his time at $350 per hour." *Id.* First, $350 is above the highest rate of $300 considered reasonable for junior associates in this district. *See Rubin*, 763 F. Supp. 3d at 244. This is a fact that even defense counsel acknowledges. *See* Reply at 7 ("[T]here is ample authority in the Second Circuit awarding approximately $300 for attorneys that graduated law school in 2022 and were admitted in 2023.").[6] "[A]warding fees outside the range is reserved

---

[6] While Defendants urge that other courts have held that rates between $275 and $325 are reasonable for junior associates, Reply at 7, they only cite to cases from the U.S. District Court for the Southern District of New York, not

for rare occasions" that "require 'specific evidence that the lodestar fee would not have been "adequate to attract competent counsel.""'" *Rubin*, 763 F. Supp. 3d at 240 (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 554, 553054 (2010)).  Defendants have not provided such evidence here. Steinberg has been practicing law for less than 3 years.  BenHaim Decl. ¶ 9.  Considering his limited experience and the hourly rates in this District, the Court reduces his hourly rate as a junior associate to $275.  *See Rubin*, 763 F. Supp. 3d at 245 (reducing junior associate's hourly rate to $275 where the associate was admitted to practice in January 2023).

Plaintiff urges the Court to reduce defense counsel's hours to the lower end of the rate ranges in *Rubin* given the limited complexity of the case and the fact that Defendants undoubtedly used the matter of *74 Orchard St. Holding Inc. v. Union Mut. Fire Ins. Co.*, 52416/2021, 2023 N.Y. Misc. LEXIS 36373 (N.Y. Sup. Ct. May 24, 2023), as a roadmap for their case strategy and motion for summary judgment such that "counsel's defense of this action was by and large scripted for them."  Opp'n at 9-10.  However, in their motion for summary judgment briefing, Defendants raised arguments beyond the purview of *74 Orchard*, such as collateral estoppel, waiver, equitable estoppel, and immateriality of misrepresentations.  *See generally* Memorandum of Law In Support Of Joel Wertzberger, 1022 East 226th Joyland, LLC and Joyland Management, LLC's Motion For Summary Judgment, Dkt. 36-1.  The fact that there is one state-court case that touches upon some, but not all, of the legal arguments raised by Defendants in their motion for summary judgment does not warrant a reduction in rates.

Finally, Defendants include bills for 14.6 hours of legal professional work by Cohen billed at a rate of $125 per hour for legal professional tasks and at a rate of $0.10 per hour for printing tasks.  *See generally* Billing Records.  Plaintiff does not make any argument for or against these

---

the U.S. District Court for the Eastern District of New York, which is the applicable standard under the forum rule, *see Arbor Hill*, 522 F.3d at 192.

rates. *See generally* Opp'n. One hundred twenty five dollars per hour is within the range of forum rates for paralegals in the Eastern District. *See Rubin*, 763 F. Supp. 3d at 244. Accordingly, the Court fixes Cohen's rate at $125 per hour for legal professional tasks and $0.10 for printing tasks.

Accordingly, the Court fixes BenHaim's rate at $600 per hour, Steinberg's rate at $275 per hour, and Beti Cohen's rate at $125 per hour.

### C. Total Reasonable Fees

Based on the reasonable rates determined and the 10% reduction in hours applied above, Defendants' reasonable attorneys' fees are calculated as follows:

| Individual | Requested Rate | Reasonable Rate | Recorded Hours[7] | Reduction | Reasonable Hours | Adjusted Fees |
|---|---|---|---|---|---|---|
| David BenHaim | $600 | $600 | 127.7 | 10% | 114.93 | $68,958 |
| Yisroel Steinberg | $350 | $275 | 165.375 | 10% | 148.8375 | $40,930.31 |
| Beti Cohen | $125 | $125 | 14.6 | 10% | 13.4 | $1,575.05[8] |
| **Total** | | | **307.675** | | **277.1675** | **$111,463.36** |

### D. Costs

Defendants do not move for costs. *See generally* Mot. However, the Billing Records include bills for deposition transcripts, delivery of courtesy copies, binder preparation, and printing for a total of $2,120.77. "An award of cost 'normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients.'" *Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (quoting *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)). However, "[t]he fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs." *Id.* Defendants have

---

[7] All recorded hours are taken from the Billing Records.

[8] Based on the Billing Records, Cohen billed $0.10 per hour for printing and $125 for other all other tasks. This total incorporates the printing entries billed at $0.10 and the remaining hourly-rate entries billed at $125.

not provided any documentation as to these costs.  Accordingly, the Court declines to award them $2,120.77 in costs.  *See Wentworth Grp. v. Evanston Ins.*, 20-CV-6711 (GBD) (JLC), 2022 WL 336456, at *9 (S.D.N.Y. Feb. 4, 2022) (declining to award costs for expenses for which the plaintiffs did not submit any supporting documentation).

## CONCLUSION

For the foregoing reasons, Defendants' motion for attorneys' fees is granted in part, and Defendants are awarded attorneys' fees in the amount of $111,463.36.

SO ORDERED.

_____*/s/*_____
ORELIA E. MERCHANT
United States District Judge

July 8, 2026
Brooklyn, New York